901 So.2d 177 (2005)
Howard MOSS, Appellant,
v.
Patricia L. MOSS, Appellee.
Nos. 2D03-478, 2D03-2355.
District Court of Appeal of Florida, Second District.
March 11, 2005.
*178 Cynthia L. Green of Law Offices of Greene, Smith & Associates, P.A., Miami, for Appellant.
Joseph R. Park and Michael J. Park of Park and Ossian, P.A., Clearwater, for Appellee.
STRINGER, Judge.
Howard Moss (the "Husband") seeks review of the final judgment of dissolution of marriage and the final order awarding attorney's fees and costs to Patricia Moss (the "Wife"). Because the trial court did not err in awarding the Wife attorney's fees pursuant to section 61.16, Florida Statutes (2002), or in denying the Husband's request for fees, we affirm the trial court's order. We affirm the final judgment of dissolution of marriage without comment.
The Husband challenges whether the trial court had the ability to award the Wife attorney's fees and costs when the Wife failed to satisfy the requirements of Florida Rule of Civil Procedure 1.525, which provides that "[a]ny party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment...." Though the Husband correctly notes that the Wife failed to serve the motion required by rule 1.525, the Husband's counsel failed to properly raise this argument below. Thus, this issue is not preserved for our review. Castor v. State, 365 So.2d 701, 703 (Fla.1978) ("As a general matter, a reviewing court will not consider points raised for the first time on appeal."); see also Utterback v. Utterback, 861 So.2d 465 (Fla. 3d DCA 2003); Hoffman v. Hoffman, 793 So.2d 128, 131 (Fla. 4th DCA 2001). Accordingly, we affirm the award of attorney's fees and costs to the Wife.
Further, we affirm the denial of the Husband's request for attorney's fees under section 57.105, Florida Statutes (2002), finding that this issue is controlled by our recent decision in Lashkajani v. Lashkajani, 855 So.2d 87 (Fla. 2d DCA 2003), review granted, 879 So.2d 622 (Fla.2004). As we did there, we certify the following question as one of great public importance.
MAY THE PARTIES, BY AN EXPRESS PROVISION IN A PRENUPTIAL AGREEMENT, CONTRACT AWAY A FUTURE OBLIGATION TO PAY ATTORNEY'S FEES AND COSTS DURING THE TERM OF THE MARRIAGE BY PROVIDING FOR PREVAILING PARTY ATTORNEY'S FEES IN ACTIONS SEEKING TO ENFORCE OR PREVENT THE BREACH OF THE PRENUPTIAL CONTRACT?
Affirmed and question certified.
WHATLEY and CASANUEVA, JJ., Concur.