922 So.2d 1072 (2006)
DEPARTMENT OF CHILDREN AND FAMILIES, Appellant,
v.
H.G. and J.G., etc., Appellees.
No. 5D05-119.
District Court of Appeal of Florida, Fifth District.
March 17, 2006.
*1073 Charles D. Peters, Orlando, for Appellant.
Vicki Levy Eskin, of Levy & Associates, P.A., Lake Mary, for Appellees.
THOMPSON, J.
The Department of Children and Families ("DCF") challenges the trial court's award of attorney's fees under section 57.105, Florida Statutes (2004), in favor of J.G. and H.G., the appellees, and against DCF in a dependency matter. We reverse the order awarding attorney's fees.
The child has been in and out of foster care all of his life. His mother is deceased, and his father has been incarcerated most of the child's life. He has multiple developmental, emotional, cognitive, and psychological problems. Following his mother's death, he moved to Florida to live with H.G. and J.G. The appellees are the aunt and uncle of the dependent child, and for a period of time acted as his temporary custodians[1] until the child was sheltered by DCF in connection with the underlying dependency action.
The present proceedings commenced with DCF's filing in April 2002 a shelter petition to take the child into custody because his aunt and uncle could no longer care for him and he had made homicidal threats against his aunt and others. The shelter petition alleged that his mother was deceased and his father's parental rights had been terminated "according to aunt, awaiting verification. Incarcerated out of state at this time." The petition named J.G. as the custodian. The appellees hired attorney Vicki Eskin.
The dependency petition filed in late April alleged that the father's parental rights had been terminated and that he had failed to support, communicate, or assume parental responsibilities for the child. DCF requested the clerk to issue a summons to J.G. The petition, however, did not allege the child's abuse, abandonment, or neglect by her; again, the focus was on his severe problems and threats against the aunt. The goal of the dependency proceeding was to immediately place the child in a residential therapeutic program.
By order entered in late May, the court determined that the appellees were not parties, but merely participants to the proceeding under section 39.01(50), Florida Statutes (2002). H.G. and J.G. contend that they were required to attend several arraignments to allow DCF to file an amended petition, and to complete its investigation of the father's whereabouts and, ultimately, to serve the incarcerated father out-of-state. At an arraignment held 1 July, however, the General Master excused them from the arraignment.
DCF filed an amended petition in July to allege that the father's address was *1074 unknown and that J.G. and H.G. were the legal custodians. Both petitions contained boilerplate allegations of abuse, abandonment, or neglect by the legal custodian, but once again, the detailed allegations dealt with the custodians' inability to care for the child's needs and their safety in light of the child's severe problems and homicidal threats. Meanwhile, on 29 July the appellees filed a response to the petition requesting a dismissal. By the time of the arraignment held 23 September, DCF announced its intention to voluntarily dismiss the allegations against them and to proceed against the father. The matter subsequently proceeded against the father.
DCF did not file a written notice of voluntary dismissal, but no longer involved the appellees in the proceeding. Counsel Eskin filed a motion to dismiss on 13 November 2002 requesting that J.G. be dismissed from the proceeding because she was merely a participant and had not abused, abandoned, or neglected the child. This motion requested for the first time that the court award attorney's fees and costs pursuant to sections 57.041 and 57.105.
Subsequently the trial court without DCF objection entered an order 3 December 2002 dismissing J.G. as a party. Counsel Eskin filed on 5 May 2004 a motion for attorney's fees and costs "due to the frivolous nature of the action filed against [H.G. and J.G.]."[2] The motion alleges that DCF named the appellees as parents/guardians in the dependency action, and, despite repeated communications to DCF that they be removed as respondents in the action, it persisted in naming them. Consequently, they further alleged that they had to hire counsel, who rendered services and billed fees and costs of $4,685.
The court conducted a hearing on 25 October 2004, before counsel Eskin had filed an affidavit of expended attorney time. The appellees' counsel argued that because they were named as parties they were forced to appear at several arraignments and obtain counsel when in actuality they were merely participants. DCF correctly noted that its petitions named J.G. and H.G. as legal custodians, not as parents.[3] Further, DCF pointed out that the fee request was excessive, and that without any itemization of fees, the request could not be evaluated properly. Even the appellees' counsel suggested at the hearing that the fee request was excessive and offered to file an affidavit to support the fee request. The court announced that it was inclined to think that J.G. was entitled to something. It declared: "I'm going to make the ruling that she's entitled to some reasonable fee for that period of time we discussed." It further explained that "she's entitled to some reasonable attorney fees, based upon what you've represented to me, especially with regard to her being delayed in having the order entered."
The court entered a written order finding, in pertinent part:
[DCF] failed to expeditiously investigate the facts surrounding the custody of the child, despite being informed of the facts by the [appellees] and their attorney, and failed to properly apply the law to *1075 the facts. Their failure resulted in damages to the [appellees] for attorneys fees incurred during this period.
Accordingly, it entered on 16 December 2004 a final judgment for attorney's fees against DCF and in favor of H.G. and J.G. in the amount of $2,900.[4]
We agree with DCF that the trial court erred in awarding section 57.105 fees in favor of H.G. and J.G. The appellees were not parties, but merely participants.[5] Section 39.01(50) defines a participant:
(50) "Participant," for purposes of a shelter proceeding, dependency proceeding, or termination of parental rights proceeding, means any person who is not a party but who should receive notice of hearings involving the child including foster parents or the legal custodian of the child ....
Section 57.105 is limited to prevailing parties. It provides in pertinent part:
(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
However, the losing party's attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client as to the existence of those material facts. If the court awards attorney's fees to a claimant pursuant to this subsection, the court shall also award prejudgment interest.
The parties to this lawsuit included DCF, the child, the guardian ad litem, and, once DCF amended the dependency petition, the father.[6] As the trial court and General Magistrate first determined about a month after the dependency petition was filed, and as the appellees insisted throughout the litigation, they were legal custodians and, therefore, participants entitled to notice only. As non-parties, the appellees could not be a prevailing party for purposes of section 57.105.
Accordingly, we REVERSE the order awarding attorney's fees.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] The order granted J.G. and H.G. temporary custody of the child. The petition and some other filings in this case, however, refer to J.G. singularly as the temporary custodian.
[2] DCF did not raise below the timeliness of the appellees' motion under Florida Rule of Civil Procedure 1.525, and therefore, failed to preserve the issue for appeal. See Estate of Brungart v. Smallwood, 901 So.2d 247, 248 (Fla. 3d DCA 2005) (citing Moss v. Moss, 901 So.2d 177 (Fla. 2d DCA 2005)).
[3] The court's order dismissing H.G. and J.G. referred to them as parties, but none of the pleadings so alleged.
[4] Even assuming that the appellees' status as participants was not dispositive and that they were, in fact, parties to the proceeding, the trial court's order would nevertheless be deficient for its failure to make the requisite findings under section 57.105, see Department of Health & Rehabilitative Services v. Carr, 501 So.2d 30, 31 (Fla. 2d DCA 1986), or specific findings as to both the number of hours reasonably expended on the litigation and the reasonable hourly rate. See Kelly v. Tworoger, 705 So.2d 670, 673 (Fla. 4th DCA 1998).
[5] See I.B. v. Dep't of Children & Families, 876 So.2d 581 (Fla. 5th DCA 2004).
[6] See § 39.01(51), Fla. Stat. (2004).