964 So.2d 741 (2007)
Matthew LEVINE, Appellant,
v.
Loren LEVINE, Appellee.
No. 4D05-4169.
District Court of Appeal of Florida, Fourth District.
August 8, 2007.
Rehearing Denied September 28, 2007.
Joel M. Weissman of Joel M. Weissman, P.A., West Palm Beach, for appellant.
*742 Annette J. Szorosy and Henry B. Handler of Weiss, Handler, Angelos & Cornwell, P.A., Boca Raton, for appellee.
FARMER, J.
Dissolving the 15-year marriage of 39-year-old spouses, the trial court awarded her $23,000 in monthly alimony. The final judgment also prohibited her from moving away from the marital home without his consent or order of the court. We find discretion has been abused.
Both are graduates of Tufts University. She quit working early in the marriage to run the household and raise the children. He is an electrical engineer with patents to his name and money in the bank.
They enjoyed a high standard of living during the marriage. At trial he reported monthly income over $100,000. The court ordered child support for their 5 children of $11,111 monthly.
As to property, he held more than $8,000,000 in non-marital assets. Marital property was valued at $4,200,000  of which $3,000,000 was in his name alone. After specifying transfers of various accounts and property to the one or the other, the trial court awarded her a lump sum equalization payment, thus leaving each with $2,000,000 in marital assets. The home is nearly half of her $2,000,000 equitable distribution.
Although she has a college degree and no disabilities, the court attributed to her no ability to produce income. Instead it found that her role would continue to be the primary caregiver for the children. Among the properties equitably distributed to him was the family corporation which, apart from stock holdings and bank accounts, was the only asset with any income-producing potential. On the other hand, all of its potential depended on his labor and ingenuity, without which it would cease to turn profits. From the disparity in income-producing assets between them, permanent alimony seems to serve also as a form of de facto asset distribution to her. Indeed he does not challenge permanency.
A 15-year marriage is poised somewhere between short and long without presumptions as to alimony. See e.g. Jaffy v. Jaffy, ___ So.2d ___, 32 Fla. L. Weekly D1593, 2007 WL 1827238 (Fla. 4th DCA June 27, 2007) (presumption is against permanent alimony for 10-year marriage where payee was educated and able). Given these facts, we cannot say that in making alimony permanent the court necessarily abused its discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980) (judge possesses broad discretionary authority to do equity between the parties and has available various remedies to accomplish this purpose, including lump sum alimony, permanent periodic alimony, rehabilitative alimony, child support, a vested special equity in property, and an award of exclusive possession of property; these remedies are interrelated; their eventual use in given case makes them part of one overall scheme that must be reviewed by appellate courts as a whole).
But we do find that the record fails to support the amount of $23,000 a month. Her accountant testified that her needs plus the children's together amounted to a net of $23,000 monthly. Here the trial judge ordered monthly child support of $11,111 in addition to the monthly alimony. The alimony thus duplicates the child support and should be reduced at least to that extent.
The record also shows that the $23,000 figure includes unnecessary personal expenses. For one example only  and there are others  she sought monthly boat expenses of over $1,000. Where a high standard of living is met during marriage, *743 the purpose of alimony is to provide for the less wealthy spouse above bare subsistence levels, not to fund the enjoyment of every little luxury enjoyed before divorce. Donoff v. Donoff, 940 So.2d 1221, 1225 (Fla. 4th DCA 2006) (trial court erred when it tried to ensure wife would live at same level as when husband and wife shared financial resources and income).
Then there is the problem of the marital home. Although this nearly-$1,000,000 asset was distributed to her, it came burdened with a considerable restraint. She is barred from moving elsewhere. The trial judge gave no reasons to justify such an onerous condition. On appeal he essentially argues that the limitation is a matter of convenience to him. We are unable to uphold this restriction for the reason he gives.
Joint custody of minor children exists to achieve maximum participation by both parents in the lives of their children. It is not a mere convenience to parents. In some unusual circumstances it might conceivably be necessary to require a primary residential parent to remain in a specified geographic area to enable the other parent to have such participation. No reasons were offered on appeal. Neither should we overlook the wealth of the father, whose monthly income exceeds $100,000 and personal assets approach $10 million. Are there no means in such plenty by which he can arrange to be in the lives of his children wherever they may reside in south Florida? The record does not suggest that he lacks resources to adjust to such a relocation.
On remand the trial court shall remove the restriction. The court may consider a reasonably limited mileage restriction but only if it is able to find from the existing evidence some basis to do so. The court shall also make a new finding as to the amount of alimony, accounting for the now available asset of the marital home, separating her needs from the children's, and eliminating unnecessary personal expenses.[1]
Reversed and remanded with instructions.
GUNTHER and MAY, JJ., concur.
NOTES
[1] All other issues  none having been overlooked  are affirmed.