969 So.2d 579 (2007)
Richard J. CONIGLIO, Appellant,
v.
Valerie CONIGLIO, Appellee.
No. 4D06-1485.
District Court of Appeal of Florida, Fourth District.
December 5, 2007.
*580 Nancy W. Gregoire of Bunnell Woulfe Kirschbaum Keller McIntyre Gregoire & Klein, P.A., Fort Lauderdale, for appellant.
D. Fred Dedrick of Fixel & La Rocco, Hollywood, for appellee.
STEVENSON, J.
Richard J. Coniglio, the former husband, appeals a final judgment of dissolution of marriage, arguing (1) that the trial court failed to account for a $90,000 line of credit associated with the husband's business and (2) that the $4,000 monthly alimony award must be reversed because the "need" used to justify such award included expenses associated with the children that had otherwise been addressed or accounted for in the judgment. We affirm as to the husband's argument concerning the line of credit without further comment. We find merit, however, in the argument concerning the alimony award and write to address this issue.
The Coniglios have two children, a son and a daughter. At the time of the divorce, only the son was still a minor. The husband, who owns a business installing holiday decorations, earns $275,000 annually. The wife, a laboratory administrator, earns $98,000 annually and has a net monthly income of $5,502.40. Her amended financial affidavit lists her monthly expenses at $9,838.00. The trial court awarded the wife $4,000 per month in alimony, citing the parties' twenty-five-year marriage and the "luxurious" lifestyle enjoyed during the marriage.
The former wife's $9,838 in monthly expenses includes $1,611 in expenses associated with the couple's children. The listed expenses include $415 for the son's private school tuition, $143 for school supplies, books, and fees, $218 for the son's health insurance, $137 for the son's medical expenses, $250 for the son's allowance, entertainment and other expenses, and $227 for medical and dental expenses associated with the couple's grown daughter. The former husband argues that these expenses associated with the children should not have been considered in assessing the wife's "need" for alimony.
As to the son, the judgment of dissolution includes a $1,398 child support award and provisions requiring the husband to bear the cost of the son's private school and to pay sixty percent of the son's health insurance and uncovered medical expenses. The husband contends that considering these expenses again for purposes of assessing the wife's "need" for alimony results in the wife receiving money for such expenses twice, i.e., once in the form of child support and the judgment's provisions requiring the husband to pay the son's school expenses and sixty percent of his health-related expenses and again via an increased alimony award. We agree. See Levine v. Levine, 964 So.2d 741, 742 (Fla. 4th DCA 2007) (reversing $23,000 monthly alimony award where evidence was that wife's needs plus children's needs totaled $23,000, but trial court awarded $11,111 per month in child support and thus "[t]he alimony . . . duplicates the child support and should be reduced at least to that extent"). As for the expenses associated with the couple's grown daughter, since a parent has no obligation to support a grown child, any expenses associated with that child are not properly considered in awarding alimony. See Wolfe v. Wolfe, 953 So.2d 632, 636-37 (Fla. 4th DCA 2007).
*581 We recognize the broad discretion given trial judge's in making alimony awards. See Lakin v. Lakin, 901 So.2d 186, 192 (Fla. 4th DCA 2005). Here, though, the expenses attributable to the children represent a significant portion of the $4,000 monthly alimony award. Accordingly, we reverse the alimony award and remand the matter with directions that the trial court recalculate the wife's alimony award taking into account the monies which the final judgment already obligates the husband to pay towards the expenses related to the minor child and excluding those expenses which are related to the adult child.[1]
Affirmed in part, Reversed in part, and Remanded.
STONE and HAZOURI, JJ., concur.
NOTES
[1] We have considered the other expenses challenged by the former husband and conclude that none compel reversal of the alimony award.