SILBERMAN, Judge.
 

 Wesley Lee Cox (the Husband) appeals a Second Amended Final Judgment of Dissolution of Marriage (the judgment) and challenges portions of the equitable distribution and the award of permanent alimony. Paula Louise Cox (the Wife) filed a cross-appeal, and we affirm without discussion on the cross-appeal. On the main appeal, we affirm the equitable distribu
 
 *181
 
 tion, reverse the alimony award, and remand for a redetermination of the need for and amount of alimony and for the recalculation of child support.
 

 Regarding the equitable distribution award, we have noted the Husband’s argument as to his Social Security disability benefits. However, the Husband did not preserve the issue of whether federal law prohibits the treatment of Social Security disability benefits as marital assets because he did not make that specific argument in the trial court.
 
 See Naples v. Naples,
 
 967 So.2d 944, 948 (Fla. 2d DCA 2007) (determining that because the husband failed to raise in the trial court the issue of whether federal law regarding the nonassignability of veterans’ benefits precluded enforcement of an alimony provision, the husband failed to preserve the issue for review),
 
 review denied,
 
 981 So.2d 1200 (Fla.),
 
 cert. denied,
 
 — U.S. -, 129 S.Ct. 246, 172 L.Ed.2d 186 (2008);
 
 Moss v. Moss,
 
 939 So.2d 159, 165 (Fla. 2d DCA 2006) (recognizing that the specific argument regarding an issue must be made in the trial court to preserve that issue for appellate review). Thus, we do not reach the issue of the equitable distribution of the Husband’s Social Security disability benefits.
 

 The Husband also argues that the trial court erred by not including the Wife’s 2003 tax refund as an asset subject to equitable distribution. Based on the limited information provided to the trial court, which did not clearly establish the refund amount, we conclude that the trial court did not commit reversible error on this point. As to the other issues the Husband raises regarding the equitable distribution, we affirm without discussion. Accordingly, we affirm the equitable distribution scheme in all respects.
 

 With regard to alimony, the trial court awarded to the Wife $500 per month in permanent periodic alimony. The trial court also determined that the Husband’s child support obligation is $778 per month. We agree with the Husband’s contention that it was improper for the trial court to consider the teenage daughter’s expenses of $940.96 per month, as reflected on the Wife’s financial affidavit, in determining the Wife’s need for alimony.
 

 The Wife’s financial affidavit and testimony reflect $5350.78 in monthly expenses, with $940.96 of those expenses specifically designated for the daughter. At trial, the Husband questioned the Wife about some of the daughter’s expenses, such as the $125 per month for the daughter to go to the beauty parlor. In closing, the Husband argued that $940 of the Wife’s deficit was attributable to the daughter. In response, the Wife stated that the summary provided to the trial court backed out the daughter’s expenses from the financial affidavit. However, the charts attached to the judgment show the Wife’s expenses to be $5351, and the judgment lists her monthly expenses as $5350.78. This is consistent with the Wife’s financial affidavit and does not back out the daughter’s expenses.
 

 In
 
 Storey v. Storey,
 
 979 So.2d 1057, 1057-58 (Fla. 2d DCA 2008), this court reversed an alimony award and remanded for recalculation without consideration of the children’s expenses. There, the trial court awarded $2000 per month in alimony and $187 per month in child support. The wife’s financial affidavit reflected children’s expenses of $1370 per month. This court stated, “By considering these expenses in calculating the alimony, the trial court double counted child support.”
 
 Id.
 
 at 1057.
 
 See also Levine v. Levine,
 
 964 So.2d 741, 742 (Fla. 4th DCA 2007) (reversing an alimony award because it duplicated the
 
 *182
 
 child support when the accountant testified that the wife’s “needs
 
 plus
 
 the children’s together amounted to a net of $23,000 monthly”),
 
 review denied,
 
 980 So.2d 490 (Fla.2008).
 

 Similarly, the trial court here double-counted the daughter’s expenses in considering the $940.96 in monthly expenses to determine alimony and in also determining the Husband’s child support obligation of $778. Therefore, we reverse the alimony award and remand for a redetermination of the Wife’s alimony claim without the daughter’s expenses. This will also require a recalculation of child support because alimony is determined before child support.
 
 See Storey,
 
 979 So.2d at 1057.
 

 Affirmed in part, reversed in part, and remanded.
 

 NORTHCUTT, C.J., and LaROSE, J., Concur.