29 So.3d 464 (2010)
Matthew LEVINE, Appellant,
v.
Loren LEVINE, Appellee.
No. 4D08-3363.
District Court of Appeal of Florida, Fourth District.
March 17, 2010.
Joel M. Weissman and Kristen A. Floyd of Joel M. Weissman, P.A., West Palm Beach, for appellant.
Henry B. Handler of Weiss, Handler, Angelos & Cornwell, P.A., Boca Raton, for appellee.
PER CURIAM.
This appeal and cross-appeal arises from the trial court's Order on Remand entered pursuant to this court's decision in Levine v. Levine, 964 So.2d 741 (Fla. 4th DCA 2007). We affirm the trial court's order in all respects without discussion except for the issue of accounting for income from the marital home which the former wife, Loren Levine, received as part of the equitable distribution of the parties' marital assets.
The former wife presently lives in the marital home with her children. The trial *465 court correctly determined that income cannot reasonably be imputed from this asset at this time. However, should this asset become income-producing in the future, the former husband is not precluded from seeking modification of his alimony obligation.
Affirmed.
HAZOURI and DAMOORGIAN, JJ., concur.
MAY, J., concurs specially with opinion.
MAY, J., concurring specially.
I concur with the majority in affirming the trial court's order on remand. It is clear the trial court painstakingly worked to comply with our mandate and reach an equitable resolution of the ongoing dispute concerning alimony. When all of the numbers are properly accounted for and the calculations performed, the alimony award is justified.[1] I therefore agree the alimony award should be affirmed.
I write simply to call attention to the issue raised in the briefs and in oral argument that was not specifically made to the trial court: whether a spouse can request a non-liquid asset in equitable distribution, leaving the liquid assets to the other spouse, thereby generating income and ability to pay for one spouse while increasing the need for alimony of the spouse with the non-liquid asset. It would seem that this could result in strategic maneuvering to the benefit of the spouse seeking alimony and the detriment of the one who will be required to pay.
While this case does not present a factual situation necessitating an analysis of this strategy, the future may yield a factual scenario that does. For example, with marital assets of $1,000,000, a non-employed spouse requests a $500,000 non-liquid asset (the marital residence); the other employed spouse receives an income-producing $500,000 asset. The non-employed spouse then asks for alimony and claims to have no income. The employed spouse's income is increased because of the liquid asset and therefore has a greater ability to pay while the non-employed spouse with the non-liquid asset claims the greater need for alimony.
Florida case law supports the imputation of income to liquid assets. McLean v. McLean, 652 So.2d 1178, 1181 (Fla. 2d DCA 1995). "When a party receives an asset in equitable distribution that will result in immediate investment income, we see no reason for that income to be excluded from consideration under section 61.08(2)(g)." Id. at 1181. Contrastingly, no Florida case has yet held that a non-liquid asset must have income imputed to it. But, that day may come.
As the trial court found, we did not order the former wife to sell the home, nevertheless she now possesses a non-liquid asset of $925,000 without restrictions to which no income is imputed. Yet, it seems appropriate for the former wife and five children to continue to live in their home without further disruption. Wisely, the trial court reserved jurisdiction to consider the imputation of income to this asset at a later time.[2] But that is a question for another day.
NOTES
[1] Our review of the record reveals small calculation errors on both sides of the equation, which effectively cancel each other out.
[2] "Jurisdiction is reserved on this issue once circumstances change that may reasonably allow the Court to impute income, such as when the children are no longer minors or the Former Wife derives rental income therefrom."