VILLANTI, Judge.
 

 Thomas Lin appeals several aspects of the final judgment of dissolution of his marriage to Susana Lin. We agree with the Husband only that the trial court erred by double-counting the child’s expenses, which resulted in an award of alimony that exceeds the Wife’s need. Therefore, we reverse the child support and alimony awards and remand for recalculation. As to all other aspects of the final judgment, we affirm.
 

 The parties were married in California in May 1985, and the Husband filed his petition for dissolution in August 2006. During the early years of the parties’ marriage, the Husband owned a very successful fruit and vegetable processing company, and the parties lived a very affluent lifestyle. However, after the parties moved to Florida in 1992, their fortunes changed. By the time the petition was filed, the parties had been through bankruptcy, the Husband was working for himself as a vegetable processor, and the Wife was working two janitorial jobs. In her counterpetition, the Wife sought permanent periodic alimony, as well as child support for the parties’ minor child.
 

 The Wife’s Sixth Amended Financial Affidavit showed total monthly expenses of $4229.33. This included $559 per month in expenses for the parties’ child. The same financial affidavit showed that the Wife’s monthly deficit — including the child’s expenses — was $1637.75. Based on this deficit, the trial court awarded the Wife $1700 per month in alimony. However it also awarded the Wife $705.76 per month in child support. Thus, while the Wife’s demonstrated monthly need was $1637.75
 
 including
 
 the child’s expenses, the trial court awarded the Wife $2405.76 in combined alimony and child support. The Husband challenges this award in this appeal, contending that it constitutes an abuse of discretion because it exceeds the Wife’s needs. We agree.
 

 An award of alimony must be based on the recipient spouse’s need for alimony and the paying spouse’s ability to pay.
 
 See
 
 § 61.08, Fla. Stat. (2008);
 
 see also Canakaris v. Canakaris,
 
 382 So.2d 1197, 1201 (Fla.1980) (holding that permanent periodic alimony is awarded based on “the needs of one spouse for the funds and the ability of the other spouse to provide the necessary funds”). Thus, an award of alimony that exceeds the recipient spouse’s need constitutes an abuse of discretion.
 
 See Garcia v. Garcia,
 
 25 So.3d 687, 690 (Fla. 4th DCA 2010). In addition, an award of alimony that includes amounts for children’s expenses that have already been accounted for in a child support award constitutes an impermissible double-counting of those expenses and requires reversal.
 
 See, e.g., Cox v. Cox,
 
 10 So.3d 180, 182 (Fla. 2d DCA 2009) (reversing alimony award when the court considered the daughter’s expenses in determining alimony and also in determining child support, thus resulting in a double pay
 
 *943
 
 ment of these expenses);
 
 Storey v. Storey,
 
 979 So.2d 1057, 1057-58 (Fla. 2d DCA 2008) -(reversing alimony award that was calculated by including the children’s expenses even though those expenses had already been included in the child support award);
 
 Coniglio v. Coniglio,
 
 969 So.2d 579, 580 (Fla. 4th DCA 2007) (same);
 
 Levine v. Levine,
 
 964 So.2d 741, 742 (Fla. 4th DCA 2007) (same).
 

 Here, the Wife’s demonstrated monthly need, as accepted by the trial court, was $1637.75 including the child’s expenses, and the trial court awarded $1700 per month in alimony to address this need. When the trial court then awarded the Wife an additional $705.76 per month in child support, it impermissibly double-counted the child’s expenses. Because the resulting alimony award partially duplicated the child support award and exceeded the Wife’s monthly need, the award constituted an abuse of discretion that requires reversal.
 

 In this appeal, the Wife argues that the alimony award did not exceed her need because her Sixth Amended Financial Affidavit assumed that she would be working sixty hours per week and she testified at the adjudicatory hearing that she was not guaranteed that amount of work. In her brief, the Wife recalculated her average net monthly income and deducted certain of the child’s expenses in an effort to show that the alimony award is not excessive when her alternate figures are used. However, at the adjudicatory hearing, the trial court heard the Wife’s testimony that she was not guaranteed sixty hours per week. Despite this testimony, the trial court chose to accept the amounts included in the Wife’s sworn Sixth Amended Financial Affidavit.
 

 The trial court’s determination of the amount of a party’s income must be supported by competent, substantial evidence.
 
 See McCants v. McCants,
 
 984 So.2d 678, 682 (Fla. 2d DCA 2008);
 
 Matias v. Matias,
 
 948 So.2d 1021, 1023 (Fla. 2d DCA 2007). When there is conflicting evidence concerning a party’s income, it is within the trial court’s purview to determine what evidence is most credible.
 
 See, e.g., In re Estate of Sterile,
 
 902 So.2d 915, 922 (Fla. 2d DCA 2005) (noting that in a nonjury case, it is the trial court’s function “ ‘to evaluate and weigh the testimony and evidence based upon its observation of the bearing, demeanor and credibility of the witnesses’ ” (quoting
 
 Shaw v. Shaw,
 
 334 So.2d 13, 16 (Fla.1976)));
 
 Mirras v. Mirras,
 
 202 So.2d 887, 893 (Fla. 2d DCA 1967).
 

 Here, the trial court determined the Wife’s income based on the amounts she swore to in her Sixth Amended Financial Affidavit rather than the different amounts she testified to at the evidentiary hearing. While it is true that the trial court could have reached a different determination of income based on the evidence presented, the trial court’s determination of the Wife’s income is nevertheless supported by competent, substantial evidence. Thus, we cannot disturb such a determination on appeal.
 

 Accordingly, because the child’s expenses have been double-counted resulting in an award of alimony that exceeds the Wife’s need, we reverse the child support and alimony awards and remand for further proceedings. On remand, the trial court should first calculate the Wife’s need for alimony without regard to the child’s expenses.
 
 See Storey,
 
 979 So.2d at 1057-58. It should then recalculate child support in light of the amended alimony award.
 
 Id.
 
 at 1058. Certainly, if either parties’ income has changed since the date of the final hearing, they may present evidence to support that change on remand.
 

 
 *944
 
 Affirmed in part; reversed in part; remanded for further proceedings.
 

 ALTENBERND and LaROSE, JJ„ Concur.