NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALBERT JOSEPH WINNIER, )
)
  Appellant, )
)
v. )  Case No. 2D14-2754
)
CAROL ANN WINNIER, )
)
  Appellee. )
            )

Opinion filed May 27, 2015.

Appeal from the Circuit Court for Pinellas
County; Amy M. Williams, Judge.

Paul H. Bowen and David S. Ristoff of
Paul H. Bowen, P.A., Palm Harbor, for
Appellant.

Jane H. Grossman of the Law Offices of
Jane H. Grossman, St. Petersburg, and
James A. Obeso, St. Petersburg, for
Appellee.


LaROSE, Judge.

   Albert Joseph Winnier appeals the supplemental final judgment of

dissolution of marriage. That judgment granted in part and denied in part his

supplemental petition for modification of alimony and installment payments to his former

wife, Carol Ann Winnier. The trial court erred in failing to impute income to the former

wife for earnings that could reasonably be projected based on her liquid assets. Without explanation, the trial court imputed such income to the former husband. Consequently, we reverse and remand for recalculation of the alimony amount.

The trial court imputed to the former husband income of $1400 per month based on his CPA's testimony that this would be a reasonable return on investment of the former husband's retirement accounts. The trial court did not impute to the former wife income of $528 per month that the financial expert testified she could earn on her invested liquid assets. This was error. See Buoniconti v. Buoniconti, 36 So. 3d 154, 161 (Fla. 2d DCA 2010) (holding court must impute income reasonably projected for earnings on liquid assets awarded in property division.).

The former wife concedes that the trial court erred. However, she argues that the error is harmless because the former husband has the financial resources to pay the modified alimony. We disagree. Our record does not allow us to conclude that the result would be the same even without the error. Thus, we reverse and remand for recalculation of alimony in light of this item of imputed income. We affirm on all other issues without further discussion.

Affirmed in part, reversed in part, and remanded.


SILBERMAN and CRENSHAW, JJ., Concur.