NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

HAROLD STOLTZFUS,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellant/Cross-Appellee,⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Case No. 2D14-2083
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
CATHERINE S. STOLTZFUS,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellee/Cross-Appellant.⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

Opinion filed August 12, 2015.

Appeal from the Circuit Court for DeSoto
County; Marc B. Gilner, Judge.

Troy H. Myers, Jr. and Mark C. Dungan of
Icard, Merrill, Cullis, Timm, Furen &
Ginsburg, P.A., Sarasota, for
Appellant/Cross-Appellee.

Lori M. Dorman of Lori M. Dorman, P.A.
and Baker, Paul & Dorman, A Partnership
of Professional Associations, Bradenton, for
Appellee/Cross-Appellant.

BLACK, Judge.

⠀⠀⠀⠀⠀Harold Stoltzfus, the Former Husband, challenges the amended final

judgment of dissolution of his marriage to Catherine Stoltzfus, the Former Wife.  Among

other things, the Former Husband challenges the court's calculation of permanent

periodic alimony and the figures used therein. The Former Wife cross-appeals, also arguing that the court erred in calculating alimony.

The Former Husband contends that the trial court failed to consider income available to the Former Wife in determining the Former Wife's need for alimony. He identifies two 401K accounts that were distributed to the Former Wife, along with interest-generating monthly equalization payments required to be made by the Former Husband, as sources of interest income available to the Former Wife. The court specifically found that the 401Ks were income-generating assets but stated that the Former Wife would not be able to draw on the income until she reaches the age of sixty-five.

Retirement accounts distributed to the parties should be considered income for the purpose of determining alimony "where the court can reasonably conclude that the principal of the [retirement account] will not be invaded for the purpose of support." Niederman v. Niederman, 60 So. 3d 544, 547-48 (Fla. 4th DCA 2011); see also Winnier v. Winnier, 163 So. 3d 1279, 1280 (Fla. 2d DCA 2015) ("The trial court imputed to the former husband income of $1400 per month based on his CPA's testimony that this would be a reasonable return on investment of the former husband's retirement accounts."). This is true regardless of whether the party has attained the age at which funds may be withdrawn without penalty. Niederman, 60 So. 3d at 548. Section 61.046(8), Florida Statutes (2013), defines "income" to include "retirement benefits, pensions, dividends, [and] interest." The interest earned on the equalization payments falls within the statutory definition of income and should also be considered in calculating the Former Wife's income. See Adelberg v. Adelberg, 142 So.

3d 895, 899 (Fla. 4th DCA 2014). The court abused its discretion in not considering interest income from the 401Ks and equalization payments in determining the income of the Former Wife.

Additionally, both parties are correct that the amended final judgment contains a mathematical error in the calculation of the Former Wife's need. The error amounts to $10,020 in annual expenses for which there is no support in the record.

As a result of these errors, we reverse and remand the amended final judgment for a redetermination and recalculation of the amount of the Former Wife's need and the resulting alimony award. See Lin v. Lin, 37 So. 3d 941, 943 (Fla. 2d DCA 2010); Buoniconti v. Buoniconti, 36 So. 3d 154, 161 (Fla. 2d DCA 2010). We affirm the amended final judgment in all other respects.

Affirmed in part; reversed in part; remanded.

CRENSHAW and SLEET, JJ., Concur.