# Third District Court of Appeal

## State of Florida

Opinion filed May 15, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-322
Lower Tribunal No. 15-19831
_____

**Hanoj Perez,**
Appellant/Cross-Appellee,

vs.

**Talia Perez, n/k/a Talia Sessel,**
Appellee/Cross-Appellant.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Marks & West, P.A.; Young, Berman, Karpf & Gonzalez, P.A., and Cynthia L. Greene, for appellant/cross-appellee.

Ross & Girten, and Lauri Waldman Ross and Theresa L. Girten, for appellee/cross-appellant.

Before SCALES, LINDSEY and HENDON, JJ.

PER CURIAM.

In this appeal, Hanoj Perez, the former husband, challenges three components of the trial court's December 9, 2016 Final Judgment of Dissolution of Marriage: (1) the trial court's finding that former husband's annual income is $300,000; (2) the amount of a rehabilitative alimony award in light of this annual income calculation; and (3) the summer timesharing schedule of the parties' Parenting Plan.

We conclude that the record contains competent substantial evidence to support the trial court's finding of the ex-husband's annual income. Lin v. Lin, 37 So. 3d 941, 943 (Fla. 2d DCA 2010) ("The trial court's determination of the amount of a party's income must be supported by competent, substantial evidence. When there is conflicting evidence concerning a party's income, it is within the trial court's purview to determine what evidence is most credible.") (citations omitted).

With respect to both the trial court's award of rehabilitative alimony and its devising of a "summer break" schedule within the Parenting Plan, we conclude that the trial court did not abuse its discretion. See Canakaris v. Canakaris, 382 So. 2d 1197, 1202 (Fla. 1980).

Our affirmance renders moot the cross-appeal of Talia Perez, the former wife.

Affirmed.