360 So.2d 798 (1978)
Ione M. Jessup ROTHENHEBER, Appellant,
v.
Donald C. JESSUP, Appellee.
No. 78-73.
District Court of Appeal of Florida, Second District.
July 12, 1978.
*799 William H. Shields and Michael A. Gennaro of Pavese, Shields, Garner, Haverfield & Kluttz, Fort Myers, for appellant.
Julian D. Clarkson of Holland & Knight, Fort Myers, for appellee.
BOARDMAN, Acting Chief Judge.
Appellant/wife appeals the denial of her "MOTION FOR MODIFICATION" requesting the court to modify the final judgment of dissolution of marriage between the parties by requiring appellee/husband to pay her the amount due on the mortgage of the former marital home, at the time the mortgage was satisfied, at a monthly rate equal to the payments he had been paying to the mortgagee bank.
On September 25, 1970 the parties entered into a property settlement agreement. Subsequently, they were divorced and the agreement was ratified, approved, and confirmed by the trial court and was attached to and made a part of the final judgment of divorce dated October 19, 1970. The agreement in pertinent part provided:
1. Wife is to have the exclusive right, title and interest in and to the 1969 Ford LTD owned by the parties. Husband expressly agrees to transfer the title to the said automobile to Wife, and Husband expressly agrees to make the payments on the said automobile as they become due and payable until the said automobile is fully paid for.

2. Wife is to have the exclusive right, title and interest in and to the boat and related equipment owned by the parties. Husband expressly agrees to transfer the title to the said boat to the Wife, and to be responsible for the payments thereon until the said boat is completely paid fro. [sic]
3. Husband expressly agrees to quitclaim his right, title and interest in and to the marital home of the parties, more particularly described as:
Lot 18, PORT EDISON SUBDIVISION, a subdivision according to the map or plat thereof on file and recorded in the office of the Clerk of the Circuit Court of Lee County, Florida, in Plat Book 11, Page 19.

*800 together with the household furnishings and equipment therein. Husband expressly agrees to make the house payments on the said house until the same is completely paid for. Wife agrees to be responsible for property taxes and maintenance of the premises. Husband agrees to keep the real property insured to its full insurable value.
4. Wife expressly agrees to release in favor of Husband any right, title or interest which she may have in Husband's business known as D & D Machine Specialties, Inc., with its principal place of business at 2089 Central Avenue, Fort Myers, Florida. (emphasis added)
There was no appeal from the final judgment of divorce.
Sometime after the parties were divorced, the wife sold the marital home and executed an agreement for deed to the purchasers. The husband continued to make the mortgage payments to the mortgagee. In November 1977 the purchasers, under the agreement for deed, desired to sell the property or refinance it and pay off the existing mortgage. The wife, anticipating that satisfaction of the mortgage would terminate the husband's obligation to pay for the house, filed the motion to modify at issue. It appears that the mortgage held by the bank has been paid in full.
In its order the trial court found that the husband "is under no obligation to make payments on account of the mortgage encumbering the dwelling house to or for the Wife except as specifically set forth in the Stipulation, dated September 25, 1970" (emphasis added).
Appellant contends that the ruling of the trial court deprives her of fixed property rights. Appellee, on the other hand, contends that the phrase in the agreement "until the same is completely paid for" contemplated a specific termination date upon which his obligation to make further payments ceased. We agree with the wife.
At the outset we point out that neither the property settlement nor the final judgment of divorce requires that the wife live in the marital home nor is she prohibited from selling it at any time. Neither instrument expressly provides that the husband's obligation to completely pay for the house is discharged if the mortgage is prematurely paid in full by another party. Had the husband intended to be relieved from his obligation for the mortgage debt upon premature satisfaction of it or any other event it would have been a simple matter for him to have insisted that such a provision be included in the agreement.
We are aware that although a court has authority to modify a decree for "pure" alimony or for support and maintenance in lieu of alimony it does not have the power to modify a provision settling property rights between the parties. Horton v. Horton, 330 So.2d 69 (Fla. 1st DCA 1976). A property settlement agreement voluntarily entered into by the parties fixes their property rights in accordance with their agreement. Sistrunk v. Sistrunk, 235 So.2d 53 (Fla. 4th DCA 1970).
The trial court in the case before us was correct in its finding that the husband's obligation to make the mortgage payments was as specifically set out in the property settlement agreement and that the agreement could not be modified. It is true that the attorney for the wife filed an instrument styled a motion to modify the final judgment, but in consideration of the substance of the instrument, we conclude that the wife was actually attempting to enforce the provisions of the agreement.
It is well settled that property settlement agreements are to be construed and interpreted as other contracts. According to the clear and unambiguous terms of the parties' agreement the wife agreed to convey her interest in the husband's business to the husband, and the husband in return agreed to transfer his interest to the wife in their boat, automobile, and marital home, assuring the wife that he would pay the outstanding indebtedness on each until fully paid for. To permit the husband to be discharged from liability as to the unpaid balance on the mortgage because of an occurrence not envisioned or contemplated by *801 either party would indeed result in a modification of the agreement of the parties and take away from the wife a benefit clearly agreed to by the parties as reflected in their agreement. Finally, under the facts presented here and in light of the applicable case law the wife should be granted such relief as will preserve the property rights fixed at the time the property agreement was executed.
The order is reversed and the case remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
OTT and DANAHY, JJ., concur.