662 So.2d 744 (1995)
Lois Marie Happ McAVOY, Appellant/Cross-Appellee,
v.
Kenneth Henry McAVOY, Jr., Appellee/Cross-Appellant.
No. 94-2150.
District Court of Appeal of Florida, Fifth District.
November 9, 1995.
Marcia K. Lippincott, of Marcia K. Lippincott, P.A., Orlando, for Appellant/Cross-Appellee.
Stephen M. Stone, Orlando, for Appellee/Cross-Appellant.
HARRIS, Judge.
The issues raised in this appeal from a final judgment of dissolution involve equitable distribution and attorney's fees. We affirm the trial court's final judgment with the exception of the following:
1. The trial court awarded the Former Wife $59,805 in lump sum equitable distribution but failed to provide a payment schedule. Although the Former Husband concedes that he understood that the payments were to be made on a monthly basis, in order to enable the Former Wife to enforce this aspect of the final judgment, *745 on remand, the court shall include a specific payment schedule in its order.
2. The trial court reserved jurisdiction to determine the equitable distribution of any asset or liability which might develop regarding the H.A.M. Properties. However, the parties are entitled to a final distribution of their assets and liabilities at the time of dissolution. Therefore, we remand this issue for a determination of the parties' obligations, if any, regarding H.A.M. Properties.
3. The trial court assigned a value of $10,000 to a coin collection retained by the Former Wife. We find no evidence in the record to support this valuation and remand for a determination of the collection's value and an adjustment of the equitable distribution if necessary.
4. The trial court ordered each party to bear their own attorney's fees. Given the disparity in incomes (the Former Husband's annual income is over $100,000; the Former Wife's is $28,000) and the fact that the Former Husband received all of the parties' income-producing assets, the Former Husband should contribute to the Wife's attorney's fees. On remand, the trial court shall determine the amount of this contribution.
Accordingly, we reverse and remand for proceedings consistent with this opinion.
PETERSON, C.J., and W. SHARP, J., concur.