662 So.2d 1018 (1995)
Virginia Gay LA ROCHE n/k/a Virginia Gay Moore, Appellant,
v.
Stephen L. LA ROCHE, Appellee.
No. 95-193.
District Court of Appeal of Florida, Fifth District.
November 17, 1995.
Ernest L. Chang and Maureen M. Matheson, Reinman, Harrell, Graham, Mitchell & Wattwood, P.A., Melbourne, for Appellant.
Joel S. Moss, Melbourne, for Appellee.
GRIFFIN, Judge.
Appellant, Virginia Gay La Roche ("wife"), seeks review of an order entered on a motion for contempt filed by appellee, Stephen L. La Roche ("husband"), enforcing a certain provision of a property settlement agreement entered into by the parties at the time of their marriage dissolution in 1988. This provision required husband to give wife a quitclaim deed on the marital home within seven days of execution of the agreement and wife to give husband a note, secured by a mortgage, in the amount of $20,000 payable on or before July 4, 1993. The record suggests that the parties may have made a different arrangement between themselves in the ensuing years. Husband lived in the house for several years while wife lived out of state. Wife claims she is due a setoff for damage to the property during this occupancy and for rent.
Husband evidently first tendered the quitclaim deed through his counsel to wife's counsel on April 22, 1994. When wife failed to respond by executing the proffered note *1019 and mortgage by August 1994, husband filed his motion for contempt. After a hearing, the court entered the appealed order, finding wife in contempt for failing to execute the note and mortgage and for failing to pay the amount set forth in the property settlement agreement. In this same order, the court also entered a judgment for the total amount of principal, interest, attorney's fees and costs, imposed an equitable lien on the property, and ordered the property sold by the clerk as soon as possible after the expiration of sixty days if the debt was not paid. We reverse.
Property division awards may not be enforced by contempt; the only remedies available are those of a creditor against a debtor. Hertrich v. Hertrich, 643 So.2d 115 (Fla. 5th DCA 1994); Veiga v. State, 561 So.2d 1335, 1336 (Fla. 5th DCA 1990). Here, husband had a perfect remedy in the agreement which contained an "enforcement" provision calling for specific performance, costs and attorney's fees in the event of breach. The remedial steps taken by the lower court in the exercise of its contempt power were improper.[1] Accordingly, we reverse the contempt order.
REVERSED and REMANDED.
COBB and THOMPSON, JJ., concur.
NOTES
[1] We cannot accept appellee's contention that the order was agreed to during the motion for rehearing. The agreement was made in light of the court's contempt order, not in lieu of it.