714 So.2d 637 (1998)
Pamela A. DeSANTIS, Appellant,
v.
Michael A. DeSANTIS, Appellee.
No. 97-0010.
District Court of Appeal of Florida, Fourth District.
July 29, 1998.
Lawrence U. Taube, West Palm Beach, for appellant.
Timothy W. Gaskill of DeSantis, Gaskill, Smith & Shenkman, P.A., North Palm Beach, for appellee.
WARNER, Judge.
This appeal concerns whether a trial court may enter a postjudgment Qualified Domestic Relations Order ("QDRO") to enforce the equitable distribution portion of a final judgment when one spouse solely owns the pension fund against which the QDRO is ordered. *638 We hold that the order cannot be a qualified order and reverse.
In the final judgment of dissolution of marriage, the appellee husband received assets including his interest in his employer's pension and profit sharing plan, while the appellant wife received assets including her interest in her employer's pension and profit sharing plan. Because the distribution of these assets made the parties' shares unequal, the court also ordered the wife to make a cash payment of $7,000 to the husband within six months of the final judgment. When the wife failed to pay, and after several enforcement proceedings, the husband moved the court to attach a QDRO to the wife's pension plan in order to compel the wife to make the $7,000 payment. After referral to a general master, the trial court entered a QDRO against her pension plan in order to effectuate the equitable distribution ordered in the final judgment.
A QDRO is, in pertinent part, a "domestic relations order ... which creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan." 29 U.S.C. § 1056(d)(3)(B)(i). In Kahn v. Kahn, 801 F.Supp. 1237, 1244 (S.D.N.Y.1992), aff'd, 2 F.3d 403 (2d Cir. 1993), the court stated that:
The object of REA [Retirement Equity Act, which authorizes the issuance of a QUADRO] was to better protect women who had contributed to their marriage's [sic] financial security through their work in the home, anticipated sharing in the pension income received upon their husband's [sic] retirement, but were left inescapably dependent on their husband's [sic] earnings, at the mercy of death or divorce.
(emphasis added). Thus, a QDRO is intended to protect one spouse's right to the other's pension or profit sharing plans by recognizing that spouse's entitlement to a portion of the future payments.
The trial court entered the QDRO pursuant to section 222.21(2)(b), Florida Statutes (1997), which excepts pension funds from garnishment unless a qualified domestic relations order has been entered with respect to such fund. That statute provides that a QDRO has the same meaning for purposes of that section as the definition contained in section 414(p) of the Internal Revenue Code. A "domestic relations order" refers to a judgment, decree, or order that: (1) is made pursuant to a state domestic relations law and (2) relates to the provision of child support, alimony, or marital property rights to a spouse, former spouse, child or other dependent of a participant in an ERISA plan. See I.R.C. § 414(p)(1)(B)(1996).
Once the final judgment awarded each party the interest in his or her own pension plan, those assets were no longer marital property but the sole property of the individual spouse. Thus, the husband had no marital property rights in the wife's pension plan. To order a QDRO on the wife's pension plan is to create an interest in that asset which the final judgment extinguished. That is tantamount to a modification of the final adjudication of property rights in a divorce case, which is not permitted. See McAvoy v. McAvoy, 662 So.2d 744, 745 (Fla. 5th DCA 1995). Once the final judgment is entered, there are no longer marital property rights, only individual property rights. The remedies available for enforcement of those provisions of the final judgment with regard to the equitable distribution of assets are those of creditor against debtor. See La Roche v. La Roche, 662 So.2d 1018, 1019 (Fla. 5th DCA 1995). While a post-judgment QDRO may be entered to secure an interest in a spouse's pension awarded in the final judgment, see Adkins v. Adkins, 675 So.2d 199, 201 (Fla. 1st DCA 1996), we do not interpret the provisions of section 221.21(2)(b) or the Internal Revenue Code as permitting the court to create a post-judgment interest in an individual spouse's property.
We thus reverse and remand for further proceedings. The husband had requested alternative relief against other assets of the wife, which the court deferred after ordering the QDRO. The court may now proceed to consider any other appropriate means to secure the payments required under the final judgment of dissolution.
*639 FARMER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.