765 So.2d 884 (2000)
Paul C. KADANEC, Appellant,
v.
Theresa M. KADANEC, Appellee.
Nos. 2D99-818, 2D99-4129.
District Court of Appeal of Florida, Second District.
August 23, 2000.
*885 Sharon Lee Stedman of Shaw Stedman, P.A., Orlando, for Appellant.
T.W. Weeks, III, of Law Offices of Lane, Trohn, Lakeland, for Appellee.
FULMER, Judge.
Paul C. Kadanec ("the Husband") appeals the final judgment dissolving his marriage to Theresa Kadanec ("the Wife"). He argues that the trial court erred in awarding the Wife one-half of the value of his 401(k) retirement account and erred in ordering him to contribute $1,200 toward the Wife's attorney's fees. In a consolidated case, the Husband appeals from a post-judgment finding of contempt against him. We affirm the final judgment but reverse the order of contempt.
In the final judgment of dissolution, the trial court addressed the Wife's request for alimony and the division of the Husband's 401(k) or profit sharing plan. The trial court considered whether the Wife should be awarded one-half of the cash value or one-half of the shares of the account. Finding that the account was valued at $41,890 as of the date of separation in January 1998, the court ruled that the Wife was entitled to one-half of the cash value of the account, which was $20,945. The trial court ordered the Husband to pay the Wife that amount within sixty days and ordered the Husband to contribute $1,200 toward the Wife's attorney's fees. The court denied the Wife's request for alimony.
*886 Three months after the entry of the final judgment, the Wife filed a motion for contempt and motion for enforcement of final judgment, alleging that the Husband had willfully failed to pay the $20,945 and the $1,200 toward attorney's fees. After a hearing before a different trial judge than the one who entered the final judgment, the court found the Husband in contempt.
On appeal, the Husband asserts that the trial court erred in awarding the Wife one-half of the value of the 401(k) account and the attorney's fees. He also challenges the contempt order. We affirm the award of attorney's fees without discussion. We also affirm the trial court's finding as to the valuation of the 401(k) account and its determination of the Wife's entitlement to one-half of the value of the account.
Regarding the equitable distribution of the 401(k) account, the Husband argues that the trial court erred in valuing the account at $41,890 because the evidence showed that the account was encumbered by a loan against it in the amount of approximately $15,000, and thus the trial court awarded a depleted asset. He also argues that trial court failed to consider the income tax consequences of dividing the account.
We reject the argument that the trial court erred in awarding the Wife a depleted asset. The evidence showed that the Husband took a loan against the account in order to finance a down payment on a house for himself in North Carolina. Because the Husband retains the benefit of the loan amount in the form of equity in his new house, the trial court did not abuse its discretion in not deducting the loan amount from the value of the 401(k) fund in determining the value of that marital asset.
While we agree with the Husband that a trial court should ordinarily consider income tax consequences in the evaluation of marital assets, we also recognize that "a trial court cannot be faulted for not considering the tax consequences if counsel for the parties neglect to present evidence on the subject." Miller v. Miller, 625 So.2d 1320, 1321 n. 2 (Fla. 5th DCA 1993). Here, the Husband neglected to present evidence to the trial court of the tax impact of the distribution of the 401(k) account, and thus he has failed to meet his burden of showing that the trial court erred in fashioning the distribution.
In the consolidated appeal, the Husband challenges the trial court's order finding him in contempt of court. Because there is no transcript of the proceedings, this court may reverse only if an error of law appears on the face of the order. See Lynn v. Allstar Steakhouse & Sports Bar, Inc., 736 So.2d 722 (Fla. 2d DCA 1999); Whelan v. Whelan, 736 So.2d 732 (Fla. 4th DCA 1999). The trial court's order on the Wife's motion for contempt and motion for enforcement of final judgment finds the Husband in civil contempt for failing to pay the Wife "$20,945 in bridge-the-gap alimony" and failing to pay the $1,200 contribution for the Wife's attorney's fees. The characterization of the $20,945 as bridge-the-gap alimony is a legal error on the face of the order that warrants reversal. The final judgment of dissolution reflects that the Wife was awarded $20,945 as equitable distribution of the Husband's profit sharing plan. The judgment also expressly states, "[t]he court denies the Wife's request for temporary, rehabilitative, or Bridge-the-Gap alimony." Thus, to the extent that the contempt finding rests on the Husband's failure to pay the $20,945, the order is reversed because property division awards may not be enforced by contempt. See LaRoche v. LaRoche, 662 So.2d 1018 (Fla. 5th DCA 1995). The only remedies available to the Wife to collect the $20,945 are those of creditor against debtor. See DeSantis v. DeSantis, 714 So.2d 637 (Fla. 4th DCA 1998) (holding that although the trial court may not enter a qualified domestic relations order to create a postjudgment interest in spouse's pension plan, the trial court may consider other appropriate means to *887 secure the payments required under the final judgment). In all other respects, the contempt order is affirmed.
Affirmed in part, reversed in part.
BLUE, A.C.J., and STRINGER, J., Concur.