858 So.2d 1072 (2003)
Steven Allen SMILACK, Appellant,
v.
Alma Jean SMILACK n/k/a Alma Jean Slizyk, Appellee.
No. 5D02-3886.
District Court of Appeal of Florida, Fifth District.
September 12, 2003.
Rehearing Denied November 5, 2003.
*1073 Steven A. Smilack, Fort Lauderdale, pro se.
Alma Jeanne Slizyk, New Smyrna Beach, pro se.
SHARP, W., J.
Smilack, the former husband, appeals from an order rendered after he filed a motion to enforce a Final Judgment of Dissolution of Marriage rendered in June of 1998, because Slizyk, the former wife, failed to comply with certain provisions of the judgment.[1] Smilack sought to enforce the payment of $10,484.00 owed him under the judgment,[2] and he sought reimbursement for his payment of a $19,487.00 note *1074 the parties jointly owed, which the final judgment required the former wife to pay and to hold him harmless. We affirm the order, but remand for the purpose of requiring reimbursement of the note[3] to the former husband.
The record discloses that on September 26, 1990, the former husband and wife executed a note in the face amount of $10,000, at ten percent (10%) interest payable to Marilyn Robinson. The note was due and payable two years from the date of execution. Shortly after the note was executed, this dissolution of marriage action was instituted. The note was not paid when it came due in 1992.
Slizyk owned the marital residence prior to the parties' marriage, and in fashioning the equitable distribution scheme, the judge awarded Slizyk all of the increased equity of this residence, which occurred after the parties' marriage. The court calculated the increase in equity to be $92,173. But the court subtracted from this award the amount the parties owed under the note to Marilyn Robinson, which was then valued at $19,487. Further, as part of the equitable distribution scheme, the final judgment awarded the former husband the sum of $10,848, plus interest, which was to be paid by the former wife "in cash within sixty (60) days of the date of this Final Judgment."
Slizyk did not pay Smilack the $10,848 due him, nor did she pay Robinson the principal and interest due on the note. In April of 2002, nine and one-half years after it was due, the former husband paid Robinson the note in full and Robinson assigned the note to him.
Although the trial court entered a judgment against Slizyk for the $10,484 plus interest (for a total sum of $15, 113.15) in favor of Smilack, it denied his request to increase the final judgment amount by the sums he paid on the note, plus interest. The judge explained that Robinson was not a party to the dissolution action, and that the dissolution judge's allocation of the note to Slizyk in the final judgment did not create a "judgment interest" for Robinson. During the hearing, the trial judge expressed uncertainty as to whether the dissolution judge had actually ordered the former wife to make payment on the note.
However, the final judgment expressly required Slizyk to pay the note, and to hold Smilack harmless with regard to its payment.[4] Since Smilack has had to pay *1075 the note in full (being jointly liable on that instrument), Slizyk is as much in violation of the judgment for failing to hold him harmless on the note as her failure to pay him the cash sum for equitable distribution.
A trial court retains jurisdiction to enforce executory provisions of a final judgment, such as the payment of a note. Work v. Provine, 632 So.2d 1119 (Fla. 1st DCA 1994); Brandt v. Brandt, 525 So.2d 1017, 1019 (Fla. 4th DCA 1988); Covin v. Covin, 403 So.2d 490, 492 (Fla. 3d DCA 1981). Further, a trial court may enforce the provisions of a final judgment through any appropriate remedy. Montanez v. Montanez, 697 So.2d 184 (Fla. 2d DCA 1997).[5] This includes enforcement of a former spouse's guarantee to pay under a promissory note executed by a third party. Montanez.
To enforce a prior judgment, a court may modify a final judgment to provide for reimbursement for a party's share of marital debts, Kennedy v. Kennedy, 638 So.2d 577 (Fla. 3d DCA 1994), and to enforce payment of a lump sum equitable distribution. McAvoy v. McAvoy, 662 So.2d 744 (Fla. 5th DCA 1995). Property division awards are enforceable as a creditor against a debtor. LaRoche v. LaRoche, 662 So.2d 1018 (Fla. 5th DCA 1995); Radin v. Radin, 593 So.2d 1231 (Fla. 3d DCA 1992); Isaacson v. Isaacson, 504 So.2d 1309 (Fla. 1st DCA 1987).
Although the judge's observations that Robinson was not a party to the dissolution action and that the Final Judgment did not create a judgment interest for Robinson are correct, they are not, as he concluded, decisive. Nor is the fact that the former husband received an assignment of the note from Robinson. Under the principles of equitable distribution, a dissolution judge must equitably distribute the parties' assets and liabilities pursuant to section 61.075, Florida Statutes (1997).
If no relief is given to Smilack regarding Slizyk's obligations under the note, the result would be to defeat the equitable distribution scheme fashioned by the trial judge, because it would permit Slizyk to shift this burden to Smilack by her non-payment. See Rothenheber v. Jessup, 360 So.2d 798 (Fla. 2d DCA 1978)(husband's obligation to make mortgage payments for wife until house paid for not discharged as to unpaid balance of mortgage where purchaser from wife paid off existing mortgage; to permit discharge would result in modification and take away all benefit to wife). Thus we conclude that the trial court erred in failing to order reimbursement of the note to Smilack as part of the judgment seeking to enforce the original dissolution decree.
On remand, the court may re-consider Smilack's request to impose a lien for the payment of the total judgment. The judgment may be enforceable against any *1076 assets belonging to Slizyk, including inter alia funds belonging to Slizyk held in the court registry (if any) or other property. It is apparent from the history of this case that Slizyk has failed to honor her obligations created by the dissolution judgment over a long period of time, and current payment still appears unlikely.[6]
REVERSED and REMANDED.
SAWAYA, CJ., and PALMER, J., concur.
NOTES
[1] This case has a lengthy procedural history, both here, below and also in the Fourth District. The petition for dissolution was filed in 1990 and the final judgment of dissolution was rendered June 1, 1998.
[2] The trial court awarded the former husband $10,484 in the final judgment, plus interest, for the total sum of $15,113.15.
[3] Although the order appealed does not deny relief with respect to the note, it gives none either and the transcript reflects this issue was raised and discussed at the hearing.
[4] After listing the nonmarital property of the parties, which included the Riverside Drive property, the final judgment discusses the marital assets and liabilities. The final judgment provides:

B. Equitable distribution shall be as follows:
 * * *

Petitioner is awarded:
Increase in equity of 516 Riverside Dr., NSB $ 92,172.98
Debt owed to Marilyn Robinson ($ 19,487)
Respondent is awarded:
Furniture from 3 models $ 13,579.79
Easement on Pt. St. Lucie property unk
Personal property consisting of Respondent's $ 3,000
Clothes, Fax machine, tape recorder, adding Machine,
jewelry
Furniture & Appliances at 516 Riverside Drive, NSB $ 2,000
Furniture from 7919 N.W. 50th Street $ 15,000

Further, in order to achieve equitable distribution of the parties' marital assets and liabilities, the Petitioner shall pay the Respondent $10,848 in cash within sixty (60) days of the date of this Final Judgment.
C. ... Petitioner [former wife] shall hold Respondent [former husband] harmless from the debt to Marilyn Robinson. (emphasis supplied)
[5] However, civil contempt power may not be used to compel a former spouse to pay his or her share of a third party debt. Montanez v. Montanez, 697 So.2d 184 (Fla. 2d DCA 1997).
[6] Imposition of a lien is in the lower court's discretion and is an appropriate remedy to secure an equitable distribution award if the court determines a valid need for this procedure exists. See Kadanec v. Kadanec, 765 So.2d 884 (Fla. 2d DCA 2000); DeSantis v. DeSantis, 714 So.2d 637, 638 (Fla. 4th DCA 1998); Rey v. Rey, 598 So.2d 141 (Fla. 5th DCA 1992); Fraga v. Fraga, 562 So.2d 851 (Fla. 3d DCA 1990); Carrison v. Carrison, 486 So.2d 1363 (Fla. 1st DCA 1986).