967 So.2d 944 (2007)
Charlotte NAPLES, Appellant,
v.
Joseph NAPLES, Appellee.
No. 2D06-3421.
District Court of Appeal of Florida, Second District.
September 19, 2007.
*945 Richard A. Motley, New Port Richey, for Appellant.
Brett Alan Geer of The Geer Law Firm, L.C., Tampa, for Appellee.
LaROSE, Judge.
Charlotte Naples (the Wife) and Joseph Naples (the Husband) are divorced. The Wife appeals the trial court's order dismissing her motion for contempt and to enforce the Husband's alimony obligations. The trial court concluded that it lacked subject matter jurisdiction. We reverse.
The Final Judgment of Dissolution incorporated the parties' marital settlement agreement that provided, in part:
Each party agrees to permanent alimony as follows: The Husband shall pay periodic installment alimony directly to the Wife through his VA benefits, effective June 1, 2002, the sum of $1,000 per month, on the first of each month until direct deposit by the VA is in effect.
The Husband was receiving disability benefits from the Veterans' Administration (the VA). He had received these benefits during the marriage. The Husband agreed to pay the Wife $1000 each month until he could arrange for the VA to pay her directly. Relying on Abernethy v. Fishkin, 699 So.2d 235 (Fla.1997), the trial court concluded that federal law, presumably provisions of the Uniformed Services Former Spouses' Protection Act (the USFSPA), 10 U.S.C.A. § 1408(c)(1), preempted state court enforcement of the *946 alimony obligation because it forced the Husband to pay alimony with his VA disability benefits. Consequently, the trial court concluded that it lacked subject matter jurisdiction to hear the Wife's motion.[1] We note that the alimony provision did not equitably distribute marital property, nor did it grant the Wife a property interest in the disability benefits.
In determining whether federal law preempts state law, we assess whether the state law actually conflicts with the federal law or interferes with the purpose of the federal law. See Ray v. Atl. Richfield Co., 435 U.S. 151, 158, 98 S.Ct. 988, 55 L.Ed.2d 179 (1978). Because the alimony provision does not conflict with the relevant provisions of the USFSPA, we conclude that federal law did not preempt state court enforcement, if appropriate, of the Husband's alimony obligation. Accordingly, the trial court should have addressed the Wife's motion on its merits.[2]
The USFSPA authorizes state courts to distribute military retirement pay in dissolution proceedings. But, "disposable retired pay" does not include disability benefits. See 10 U.S.C.A. § 1408(c)(1).[3] In Abernethy, the supreme *947 court addressed whether, in the context of a property settlement, the USFSPA preempted state court enforcement of a final judgment requiring one spouse to pay his former spouse twenty-five percent of his monthly income, including military disability benefits. 699 So.2d at 239-40. The supreme court held that the final judgment could be enforced because it did not expressly assign or divide disability benefits. Id.
The USFSPA's preclusion of assignment or division of disability benefits does not void an alimony award merely because the payor spouse receives such benefits. See Allen v. Allen, 650 So.2d 1019, 1020 (Fla. 2d DCA 1994) (holding section 1408 exclusion of disability benefits from military retirement pay subject to direct payments to former spouse did not preclude state court from ordering husband to pay alimony or relieve him from paying such obligation); cf. Longanecker v. Longanecker, 782 So.2d 406 (Fla. 2d DCA 2001) (upholding alimony award requiring husband to make monthly payment directly to wife in amount equivalent to wife's agreed share of husband's military benefits); Day v. Day, 574 So.2d 324 (Fla. 4th DCA 1991) (holding no error in considering former husband's disability benefits when determining ability to comply with previous judgments, court orders, and purge provision of contempt order).
Here, the Husband agreed to pay the Wife $1000 a month in alimony. He did not assign his disability benefits to her nor did they purport to divide those benefits. At most, the parties recognized that the disability benefits were an income source available to satisfy the Husband's obligation. Although we cannot say that the parties considered this eventuality, it seems clear that direct deposit by the VA to the Wife will never be "in effect" because the USFSPA's direct payment provisions exclude disability benefits from the disposable retired pay the VA can pay directly to a former spouse. See 10 U.S.C.A. § 1408(a)(4)(C), (d)(1). By default, absent modification or other relief to which he may be entitled, the Husband must make his alimony payments directly to the Wife. Thus, the trial court may address the merits of the Wife's motion *948 and determine what, if any, relief to which she is entitled.
The Husband also argues that 38 U.S.C.A. § 5301[4] precludes enforcement of the alimony provision. Because he did not raise this issue in the trial court, he failed to preserve it for our review. See Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999); Dober v. Worrell, 401 So.2d 1322, 1323-24 (Fla.1981).
Reversed and remanded.
NORTHCUTT, C.J., and ALTENBERND, J., Concur.
NOTES
[1] Our supreme court has stated that "the issue of federal preemption is a question of subject matter jurisdiction." Boca Burger, Inc. v. Forum, 912 So.2d 561, 568 (Fla.2005); see also Bankers Risk Mgmt. Servs., Inc. v. Av-Med Managed Care, Inc., 697 So.2d 158, 160 (Fla. 2d DCA 1997); Hernandez v. Coopervision, Inc., 661 So.2d 33, 34 (Fla. 2d DCA 1995). We are mindful, however, of other decisions suggesting that federal preemption, rather than a limitation on subject matter jurisdiction, acts as a constraint on a state court's power to grant specific relief. See, e.g., Coon v. Coon, 364 S.C. 563, 614 S.E.2d 616, 617-18 (2005) (holding USFSPA "supplants state domestic-relations law pursuant to the Supremacy Clause of the United States Constitution, but it does not pre-empt state-court subject-matter jurisdiction"), cert. denied, 546 U.S. 1090, 126 S.Ct. 1025, 163 L.Ed.2d 854 (2006); Curtis v. Curtis, 7 Cal. App.4th 1, 9 Cal.Rptr.2d 145, 151 (1992) (holding USFSPA does not implicate subject matter jurisdiction); Cent. Nat'l Bank of Miami v. Cent. Bancorp., Inc., 411 So.2d 358, 360 (Fla. 3d DCA 1982) (holding that National Banking Act preempted enforcement of agreement, but rejecting argument that trial court lacked subject matter jurisdiction: "[f]ederal preemption, by itself, in no way determines the court in which an action may be brought, but only prescribes the law that is to be applied to the claim."); Armstrong v. Csurilla, 112 N.M. 579, 817 P.2d 1221, 1227 (1991).
[2] In addition to dismissing the Wife's "cause," the order also stated that the Wife's motion was denied. We see nothing in the record indicating that the trial court actually considered the merits of the motion. Cf. Wells v. State, 736 So.2d 24, 25 (Fla. 2d DCA 1999) (stating that denial usually serves as ruling on merits); Union Oil of Cal. Amsco Div. v. Watson, 468 So.2d 349, 354 (Fla. 3d DCA 1985) (stating dismissal for lack of jurisdiction not considered adjudication on the merits). Of course, had the trial court lacked subject matter jurisdiction, it could not reach the merits. See Paulucci v. Gen. Dynamics Corp., 842 So.2d 797, 801 (Fla.2003) (defining subject matter jurisdiction as the power to hear and determine a cause lawfully).
[3] § 1408. Payment of retired or retainer pay in compliance with court orders

(a) Definitions.In this section:
. . . .
(4) The term "disposable retired pay" means the total monthly retired pay to which a member is entitled less amounts which
. . . .
(C) in the case of a member entitled to retired pay under chapter 61 of this title [disability retirement], are equal to the amount of retired pay of the member under that chapter computed using the percentage of the member's disability on the date when the member was retired. . . .
. . . .
(c) Authority for court to treat retired pay as property of the member and spouse. (1) Subject to the limitations of this section, a court may treat disposable retired pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court. A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member's spouse or former spouse if a final decree of divorce, dissolution, annulment, or legal separation (including a court ordered, ratified, or approved property settlement incident to such decree) affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse.
(2) Notwithstanding any other provision of law, this section does not create any right, title, or interest which can be sold, assigned, transferred, or otherwise disposed of (including by inheritance) by a spouse or former spouse. . . .
. . . .
(d) Payments by Secretary concerned to (or for benefit of) spouse or former spouse.
(1) After effective service on the Secretary concerned of a court order providing for the payment of child support or alimony or, with respect to a division of property, specifically providing for the payment of an amount of the disposable retired pay from a member to the spouse or a former spouse of the member, the Secretary shall make payments (subject to the limitations of this section) from the disposable retired pay of the member to the spouse or former spouse . . . in an amount sufficient to satisfy the amount of child support and alimony set forth in the court order and, with respect to a division of property, in the amount of disposable retired pay specifically provided for in the court order.
[4] Title 38. Veterans' Benefits

Part IV. General Administrative Provisions Chapter 53. Special Provisions Relating to Benefits
§ 5301. Nonassignability and exempt status of benefits
(a)(1) Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. . . .
. . . .
(3)(A) This paragraph is intended to clarify that, in any case where a beneficiary entitled to compensation, pension, or dependency and indemnity compensation enters into an agreement with another person under which agreement such other person acquires for consideration the right to receive such benefit by payment of such compensation, pension, or dependency and indemnity compensation, as the case may be, except as provided in subparagraph (B), and including deposit into a joint account from which such other person may make withdrawals, or otherwise, such agreement shall be deemed to be an assignment and is prohibited.