972 So.2d 1060 (2008)
Leon WEAVER, Appellant,
v.
Erin Patricia HOTCHKISS, Appellee.
No. 2D07-1856.
District Court of Appeal of Florida, Second District.
January 23, 2008.
*1061 Leon Weaver, pro se.
Erin Patricia Hotchkiss, pro se.
WALLACE, Judge.
Leon Weaver appeals the circuit court's order that denied his motion to enforce an award of tangible personal property in the final judgment that dissolved his marriage to Erin Patricia Hotchkiss, f/k/a Erin Patricia Weaver. Because the circuit court inexplicably erred in concluding that it lacked jurisdiction to consider and determine Mr. Weaver's enforcement motion, we reverse the order denying the motion and remand for further proceedings.

The Facts and Procedural Background
In August 2006, the Polk County Circuit Court entered a final judgment that dissolved the marriage of the parties. The final judgment included a paragraph awarding specifically identified items of tangible personal property to each party. In the last paragraph of the final judgment, the circuit court retained jurisdiction for enforcement purposes and ordered both parties "to take such reasonable action and conduct themselves in such a manner as to carry out the intents and purposes of this Final. Judgment"
Mr. Weaver subsequently filed his motion in the Polk County Circuit Court. The motion was entitled "Motion to Enforce Final Judgment." The caption of the motion was substantially similar to the caption of the dissolution proceeding, and it bore the same case number as the case number that had been assigned to the dissolution proceeding. In his motion, Mr. Weaver alleged that Ms. Hotchkiss had not delivered to him some of the items of tangible personal property that he was to receive under the provisions of the final judgment. Mr. Weaver requested the entry of an order compelling. Ms. Hotchkiss to comply with the provisions of the final judgment in this regard. Our limited record does not reflect that Ms. Hotchkiss responded to the motion.
On March 26, 2007, the circuit court acting on its own motionentered an order denying Mr. Weaver the relief that he had requested. The circuit court offered the following rationale for its ruling:
THIS CAUSE came before the Court on [Mr. Weaver's] Motion to Enforce Final Judgment filed on January 19, 2007. [Mr. Weaver] is seeking to obtain property that was awarded to him in the parties' divorce. Upon reviewing the motion, the court file, and applicable case law, the Court denies [Mr. Weaver's] motion without prejudice as this Court is not the Court of proper jurisdiction. [Mr. Weaver] is free to refile his grievance in the appropriate civil court.
Unfortunately, the circuit court did not identify the court that it believed to be "the appropriate civil court" where Mr. Weaver could properly file his motion. This omission has hindered this court's review of the circuit court's order.

Discussion
Mr. Weaver filed his motion in the Polk County Circuit Court. This was the same court that had entered the final judgment of dissolution of marriage less than a year before. The caption of Mr. Weaver's motion was substantially similar *1062 to the caption of the dissolution proceeding and bore the correct case number. The circuit court readily located "the court file" and identified the final judgment that Mr. Weaver sought to enforce. Based on our limited record, it does not appear that Ms. Hotchkiss contested the circuit court's jurisdiction to proceed, Under these circumstances, we do not understand how the circuit court reached the conclusion that it lacked jurisdiction in the matter. The circuit court had inherent jurisdiction to enforce the dissolution judgment. See Smilack v. Smilack, 858 So.2d 1072, 1075 (Fla. 5th DCA 2003); Huml v. Collins, 739 So.2d 633, 634 (Fla. 3d DCA 1999); Seng v. Seng, 590 So.2d 1120, 1121 (Fla. 5th DCA 1991).
We may speculate that the judge who signed the order denying. Mr. Weaver's motion was presiding in a division of the circuit court other than the family court division to which the dissolution proceeding was assigned. However, this possibility would not have deprived the judge of jurisdiction. "The internal operation of the court system and the assignment of judges to various divisions [do] not limit a particular judge's jurisdiction." In the Interest of Peterson, 364 So.2d 98, 99 (Fla. 4th DCA 1978). "If an action is filed in the incorrect division, the proper remedy is to transfer the case to the correct division, subject to the payment of any filing fee and subject to the requirements of any local administrative rule." Fort v. Fort, 951 So.2d 1020, 1022 n. 2 (Fla. 1st DCA 2007). That said, it does not appear that anything Mr. Weaver did caused his enforcement motion to be assigned to an incorrect division of the circuit court.

Conclusion
For these reasons, the circuit court erred in concluding that it lacked jurisdiction to hear Mr. Weaver's enforcement motion. We reverse the circuit court's order, and we remand this case to the circuit court with directions to entertain Mr. Weaver's motion on its merits. If necessary, the circuit court shall promptly transfer Mr. Weaver's motion to the correct division.
Reversed and remanded with directions.
WHATLEY and LaROSE, JJ., Concur.