BLACK, Judge.
 

 Melissa King, the former wife, appeals the trial court’s order denying her motion for contempt and for enforcement of the parties’ marital settlement agreement. Finding it lacked jurisdiction, the court denied the former wife’s motion. We reverse.
 

 In 2007, the trial court entered a final judgment that dissolved the parties’ elev
 
 *690
 
 en-year marriage. The final judgment specifically incorporated the terms of the parties’ marital settlement agreement (MSA) and further provided: “Except as to the dissolution of marriage granted in this Judgment, the Court specifically reserves jurisdiction to enforce provisions of this Judgment in all other respects,” and “[t]he Court reserves jurisdiction for further proceedings in the above styled cause of action.”
 

 Two years later, in 2009, the former wife filed her motion for contempt and for enforcement of the MSA. The motion sought enforcement of specific provisions of the final judgment and the incorporated MSA, including the portion of the judgment that required the former husband to make interest payments on the equitable distribution award to the former wife until the award was paid in full or until the sale of the marital residence, whichever occurred first, as well as contempt for failure to comply with various support provisions within the judgment. At the hearing on the motion, it appears the former wife abandoned her claims for support and thus enforcement by contempt. The hearing proceeded, however, on the claim for enforcement of interest payment arrearages.
 

 In denying the former wife’s motion for enforcement, the trial court found that it did not have jurisdiction under the terms of the final judgment and MSA to require the former husband to pay the former wife interest arrearages on the equitable distribution award.
 
 [1]
 
 The order denying the motion provided: “The Court lost jurisdiction over the subject matter hereto upon the closing date of the former marital residence and the Former Wife’s remedies are limited to civil contract action.” This was error.
 

 The payment of interest the former wife sought to enforce was contemplated and expressly included in both the MSA and final judgment in this case.
 
 See Self v. Self
 
 907 So.2d 546, 548-49 (Fla. 2d DCA 2005).
 
 But see Damian v. Damian,
 
 955 So.2d 1178, 1181-82 (Fla. 2d DCA 2007) (concluding the trial court exceeded its jurisdiction by modifying a final judgment where the judgment lacked a specific reservation of jurisdiction to do so);
 
 Rocha v. Mendonea,
 
 35 So.3d 973, 976 (Fla. 3d DCA 2010) (concluding the trial court impermis-sibly modified a marital settlement agreement under the guise of enforcing it). The former wife’s motion was filed in the same court that entered the final judgment of dissolution of marriage. “The caption of the motion was substantially similar to the caption of the dissolution proceeding, and it bore the same case number as the case number that had been assigned to the dissolution proceeding.”
 
 Weaver v. Hotchkiss,
 
 972 So.2d 1060, 1061 (Fla. 2d DCA 2008). At the time of the hearing on the motion, the former husband did not dispute the court’s jurisdiction.
 
 See id.
 
 at 1062. Thus, as in
 
 Weaver,
 
 “we do not understand how the circuit court reached the conclusion that it lacked jurisdiction in the matter. The circuit court had inherent jurisdiction to enforce the dissolution judgment.”
 
 Id.
 

 We make no ruling as to whether the former husband is obligated to pay interest arrearages or whether the former wife is entitled to collect interest arrearages on the equitable distribution; we simply hold that the trial court has jurisdiction to consider the issues. Accordingly, we reverse
 
 *691
 
 the trial court’s order and remand this case with directions to consider the former wife’s motion for enforcement on its merits.
 

 Reversed and remanded.
 

 NORTHCUTT and VILLANTI, JJ„ Concur.
 

 [1]
 

 . We note that if the trial court truly was without jurisdiction it should have dismissed the former wife's motion.
 
 See, e.g., Naples v. Naples,
 
 967 So.2d 944, 946 n. 2 (Fla. 2d DCA 2007). A denial indicates consideration of the merits of a cause, and nothing in our record indicates that the trial court considered the merits of the former wife’s motion.
 
 Id.