SILBERMAN, Chief Judge.
Ashok Kumar, the Former Husband, seeks review of the final judgment of dissolution of his marriage to Sujata Kumar, the Former Wife. We reverse and remand for reconsideration of the equitable distribution scheme based on three errors therein. First, the trial court erroneously designated the Former Wife’s jewelry as nonmarital property. Second, the court erroneously valued the Bank of America certificate of deposit awarded to the Former Husband as of the date of filing. And third, the court erred in failing to equitably distribute the contents of the marital home.
As to the Former Wife’s jewelry, which was valued at $15,000, the Former Wife concedes that the evidence does not support the court’s designation of these assets as nonmarital. While the Former Wife suggests that the $15,000 error was not *400 significant enough to merit correction, we are unable to agree.
As to the Bank of America CD, the Former Husband testified that he consolidated three marital Bank of America CD accounts after the petition for dissolution was filed. While the preconsolidation value of the CDs totaled $255,733.31, the Husband testified that the value of the consolidated CD had risen to $295,775.92 at the time of trial. The trial court erred in valuing the CD as of the date of filing due to its passive appreciation. See Parry v. Parry, 933 So.2d 9, 14 (Fla. 2d DCA 2006).
As to the contents of the marital home, the trial court acceded to the Former Wife’s request that it defer the equitable distribution of these assets in favor of mediation. The court therefore ordered the parties to attempt to agree on a distribution of these assets and reserved jurisdiction on the issue. This failure to distribute all of the parties’ marital assets without the Former Husband’s assent was erroneous. See McAvoy v. McAvoy, 662 So.2d 744, 745 (Fla. 5th DCA 1995) (holding that the trial court erred in failing to equitably distribute an asset because “the parties are entitled to a final distribution of their assets and liabilities at the time of dissolution”); Collinsworth v. Collinsworth, 624 So.2d 287, 290 (Fla. 1st DCA 1993) (holding that the trial court erred in reserving jurisdiction to determine whether to partition the marital home because, “[i f the issue was ripe, the circuit court was required to rule thereon without reserving jurisdiction and deferring decision on that issue at a future date”).
We therefore reverse the equitable distribution scheme with directions for the trial court to (1) equitably distribute the Former Wife’s jewelry, (2) revalue the Former Husband’s consolidated Bank of America CD and adjust the equitable distribution scheme accordingly, and (3) equitably distribute the contents of the marital home. We affirm the remaining portions of the final judgment of dissolution of marriage.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and MORRIS, JJ., Concur.