Gerber, J.
The former wife appeals from the circuit court’s qualified domestic relations order (in the form of a “Final Judgment for Money Judgment and Equitable Lien”) granting the former husband’s motion to enforce the underlying final judgment of dissolution. We affirm on all arguments except one. We agree with the former wife’s argument that the court erred by awarding the former husband an equitable lien upon her equitable distribution interest in the former husband’s retirement benefits, as a remedy for the former wife’s *141 failure to make an equalization payment. We reverse on that argument only.
In DeSantis v. DeSantis, 714 So.2d 637 (Fla. 4th DCA 1998), we reversed a circuit court’s entry of a post-judgment qualified domestic relations order which, as a remedy for the former wife’s failure to make an equalization payment, awarded the former husband an interest in the former wife’s retirement benefits. Id. at 638. Relying upon then-section 222.21(2), Florida Statutes (1997), which provided that certain pension money, as specified in the statute, is “exempt from all claims of creditors of the beneficiary or participant,” we reasoned:
Once the final judgment awarded each party the interest in his or her own pension plan, those assets were no longer marital property but the sole property of the individual spouse. Thus, the husband had no marital property rights in the wife’s pension plan. To order a QDRO on the wife’s pension plan is to create an interest in that asset which the final judgment extinguished. That is tantamount to a modification of the final adjudication of property rights in a divorce ease, which is not permitted. Once the final judgment is entered, there are no longer marital property rights, only individual property rights. The remedies available for enforcement of those provisions of the final judgment mth regard to the equitable distribution of assets are those of creditor against debtor. While a post-judgment QDRO may be entered to secure an interest in a spouse’s pension awarded in the final judgment, we do not interpret the provisions of section 221.21(2)(b) or the Internal Revenue Code as permitting the court to create a post-judgment interest in an individual spouse’s property.
Id. (emphasis added; internal citations omitted).
Applying DeSantis to the instant case, the circuit court erred in sanctioning the former wife by awarding the former husband an equitable lien upon her equitable distribution interest in the former husband’s retirement benefits. Once the final judgment awarded the former wife an equitable distribution interest in the former husband’s retirement benefits, that interest was no longer marital property but the sole property of the former wife. Thus, pursuant to section 222.21(2), Florida Statutes (2015), which provides that certain pension money, as specified in the statute, is “exempt from all claims of creditors of the owner, beneficiary, or participant...,” it was improper to enforce the former wife’s equalization payment by awarding the former husband an equitable hen upon the former wife’s equitable distribution interest in the former husband’s retirement benefits.
Accordingly, we reverse that portion of the circuit court’s order which awards the former husband an equitable lien against the former wife’s equitable distribution interest in the “Delta Pilot’s Defined Benefits Plan (n/k/a Pension Benefit Guarantee Corporation).” We remand to strike that portion of the order. We affirm all other portions of the circuit court’s order (in the form of a “Final Judgment for Money Judgment and Equitable Lien”) without further discussion.

Affirmed in part, reversed in part with instructions.

Ciklin, C.J., and Damoorgian, J., concur.