NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CORINNE O. RECTOR,                  )
                                    )
          Appellant,                )
                                    )
v.                                  )       Case No. 2D17-3651
                                    )
DONALD E. RECTOR,                   )
                                    )
          Appellee.                 )
_____ )

Opinion filed January 25, 2019.

Appeal from the Circuit Court for Manatee
County; Edward Nicholas, Judge.

Stanley R. Swartz and Susan Hartmann
Swartz of Law Office of Stanley R. Swartz,
Bradenton, for Appellant.

E. Blake Melhuish of E. Blake Melhuish,
P.A., Bradenton, for Appellee.


KELLY, Judge.

        Corinne Rector, the former wife, appeals from the circuit court's order

adopting the reports of a general magistrate and denying her amended motion for

temporary attorney's fees to enforce the final judgment dissolving her marriage to

Donald Rector, the former husband.  We reverse.

The parties divorced in 1999. The final judgment of dissolution incorporated by reference a written marital settlement agreement (MSA). The provisions of the MSA relevant to this appeal provide:

6. PERSONAL PROPERTY.

The parties' tangible and intangible personal property is hereby divided as follows: the husband shall keep as his separate property all items presently in the possession of the parties . . . with the exception of those items listed on the attached and incorporated Exhibit "A." Those items shall become the separate property of the Wife free from any claims by the Husband.[1]

. . . .

8. LIFE INSURANCE

The Husband shall keep in full force and effect life insurance policies upon his life in the amount of $50,000 and shall name the spouse as the irrevocable beneficiary. The Husband shall annually furnish to the Wife proof of the payment of premiums.

9. SPOUSAL SUPPORT

Both Husband and Wife hereby waive any right he or she may have now or in the future to alimony payments for support and/or maintenance.

10. LUMP SUM ALIMONY (INSTALLMENTS).

In order to resolve all claims the Wife may have for temporary and/or permanent alimony, and to balance the equitable distribution of the parties' joint assets, the Husband agrees to pay a lump sum of [$48,000] to the Wife, payable in monthly installments of $400. Such payments are due on the 5th day of each month, beginning January 5th, 1999 and shall continue, without interest, until paid in full.

. . . .

---

[1]Exhibit "A," initialed by both parties, identified payment of the former wife's health insurance by the former husband as the former wife's separate property.

- 2 -

15. MODIFICATION.

Any agreement in modification of this Agreement shall be unenforceable unless in writing and signed by both parties.

. . . .

18. DEFAULT.

In the event either party to this Agreement defaults in his or her obligations hereunder, the party in default shall be liable to the non-defaulting party for all reasonable expenses incurred, including attorney's fees, in the enforcement of obligations created by this Agreement.

In 2005, the parties entered into a joint stipulation for modification of the final judgment. The stipulation provided that the former husband would continue to maintain a $50,000 life insurance policy with the former wife as beneficiary, and that he would continue to pay the former wife's monthly Medicare and supplemental health insurance premiums in an amount up to $400. The circuit court approved the stipulation and retained jurisdiction in its order to enforce it.

Thereafter, the former wife filed a motion for contempt and for enforcement against the former husband for not providing proof that the life insurance policy was in effect as required by the parties' MSA and the order on the joint stipulation. The former husband countered with supplemental and amended supplemental petitions to modify the final judgment of dissolution. He alleged that the parties intended the life insurance policy as security for his obligation to pay the lump sum of $48,000, and that this amount had been fully satisfied. The former husband also alleged that the order on the parties' stipulation requiring him to pay the former wife's medical insurance is void because it "established and obligated [him] to pay a new and

- 3 -

different alimony obligation" over which the circuit court lacked jurisdiction. Alternatively, the former husband argued his advanced age and lack of employment constituted a substantial change in circumstances which warranted termination of his continuing obligation to maintain the life insurance policy.

The former wife filed an amended motion for temporary attorney's fees to defend against the former husband's petitions. After a hearing, the former wife's motion was denied. The magistrate found that "[u]nder the modification, the former husband was required to pay the monthly premiums of the Former Wife's Part B Medicare insurance policy and secure the same with the $50,000 life insurance policy from the Final Judgment." Further, the magistrate also found:

> The Former Husband has met his obligation as to the alimony and equitable distribution prior to the stipulated modification. In addition, the Former Wife who was the recipient of the alimony remarried well before the stipulated order of modification.
>
> Since the Court was without subject matter jurisdiction when the order approving the stipulated modification on March 8, 2005 was granted, the court is also without jurisdiction to order attorney's fees to either party on the Amended Supplemental Petition to Modify the order approving the stipulated modification.

The former wife timely filed exceptions to the magistrate's reports; the circuit court adopted the magistrate's reports in its orders.

On appeal, the former wife argues that the circuit court erred in adopting the magistrate's report that found the court did not have jurisdiction under the terms of the final judgment and MSA to grant her amended motion for attorney's fees. The former wife also argues that the circuit court erred in determining that the former husband's obligation to maintain a life insurance policy was to secure the $48,000 lump

sum award, and by finding that the provision requiring the former husband to pay the former wife's health insurance was a modification of the parties' MSA.

We agree with the former wife that the circuit court's finding that it lacked jurisdiction over her amended motion for temporary attorney's fees was error. The final judgment of dissolution reserved jurisdiction to enforce or modify the terms of the MSA. The MSA specifically provided for modification of the agreement if in writing and signed by both parties. The parties filed their 2005 joint stipulation to modify the final judgment in the same court that had entered the final judgment with the same case number. Thus, "[t]he circuit court had inherent jurisdiction to enforce the dissolution judgment." See King v. King, 78 So. 3d 689, 690 (Fla. 2d DCA 2012) (concluding that the trial court had jurisdiction to enforce a marital settlement agreement where "[t]he caption of the motion was substantially similar to the caption of the dissolution proceeding, and it bore the same case number as the case number that had been assigned to the dissolution proceeding" (quoting Weaver v. Hotchkiss, 972 So. 2d 1060, 1061 (Fla. 2d DCA 2008))).

Likewise, we agree with the former wife that the circuit court erred in interpreting the MSA. A marital settlement agreement is a contract that is subject to interpretation like any other contract. Hobus v. Crandall, 972 So. 2d 867, 869 (Fla. 2d DCA 2007). "[A]bsent evidence of the parties' intent to the contrary, the unambiguous language of the agreement should be interpreted according to its plain meaning." Johnson v. Johnson, 848 So. 2d 1272, 1273 (Fla. 2d DCA 2003). Here, the language in the MSA is clear and unambiguous. The parties agreed that the former husband would maintain a $50,000 life insurance policy with the former wife as beneficiary. There is no

- 5 -

provision included in the MSA stating that the life insurance was intended to secure an alimony or health insurance obligation, or that these obligations ceased upon the former wife's remarriage. And as for payment of the former wife's health insurance, this provision was specifically handwritten and initialed by the parties on the exhibit incorporated into the MSA; the parties simply modified this provision in their joint stipulation.

Accordingly, we reverse the challenged orders and remand for further proceedings consistent with this opinion.

VILLANTI and LUCAS, JJ., Concur.