MILLER, J.
As neither party sought to partition the marital home, the body of jurisprudence relied upon by the former husband in furtherance of appellate relief is inapposite. Accordingly, we find no error and affirm. See Gulledge v. Gulledge, 82 So.3d 1113, 1114 (Fla. 2d DCA 2012) (narrowly holding that in partition cases "the trial court err[s] by failing to include a deadline for the refinancing or sale of the marital home"); Sullivan v. Sullivan, 363 So.2d 393, 395 (Fla. 2d DCA 1978) (discussing that in partition cases "the judgment must fix a reasonable deadline by which the sale must take place"); see also Smilack v. Smilack, 858 So.2d 1072, 1075 (Fla. 5th DCA 2003) ("[A] trial court may enforce the provisions of a final judgment through any appropriate remedy.") (citing Montanez v. Montanez, 697 So.2d 184, 186 (Fla. 2d DCA 1997) ).
Affirmed.