IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

KELLY WISHEART,

       Appellant,

v.

       Case No. 5D22-3024
       LT Case No. 2012-DR-064214

JEFFREY WISHEART,

       Appellee.

_____/

Opinion filed June 2, 2023

Appeal from the Circuit Court
for Brevard County,
Kathryn M. Speicher, Judge.

Brandon M. Tyson, of Tyson Law
Firm, LLC, Winter Park and John
Vernon Moore, of The Law Office of
John Vernon Moore, P.A., Melbourne,
for Appellant.

James Ippoliti, of Widerman Malek,
P.L., Melbourne, for Appellee.


WALLIS, J.

Appellant appeals a post-dissolution order denying her Motion for Contempt and Enforcement of the parties' dissolution judgment and incorporated Marital Settlement Agreement ("MSA"). Based upon the Appellant's concession, we affirm the trial court's finding that Appellee did not act willfully and was therefore properly not held in contempt of court. However, we agree with Appellant's position that the trial court erroneously concluded that it lacked jurisdiction to enforce the MSA in its family law trial division.

In dissolution cases, like other types of cases, "[i]t is axiomatic that a trial court always has the inherent jurisdiction to enforce its previously entered orders." *Huml v. Collins*, 739 So. 2d 633, 634 (Fla. 3d DCA 1999). This continuing jurisdiction exists regardless of whether the court reserves jurisdiction to enforce such orders. *Erickson v. Erickson*, 998 So. 2d 1182, 1183 (Fla. 1st DCA 2008); *Seng v. Seng,* 590 So. 2d 1120, 1121 (Fla. 5th DCA 1991). This continuing jurisdiction extends to enforcing marital settlement agreements incorporated into dissolution judgments. *King v. King*, 78 So. 3d 689, 690 (Fla. 2d DCA 2012).

"However, the extent of the court's continuing jurisdiction to enforce the terms of the settlement agreement is circumscribed by the terms of that agreement." *Orth v. Orth*, 338 So. 3d 363, 371 (Fla. 3d DCA 2022) (quoting

2

*Paulucci v. Gen. Dynamics Corp.*, 842 So. 2d 797, 803 (Fla. 2003)).

Consequently, where a party seeks to enforce specific provisions expressly

included in the judgment or incorporated settlement agreement, that party

may file a post-dissolution motion to enforce in the dissolution action. *King*,

78 So. 3d at 690. The party is not required to initiate a new action. *Law v.*

*Law*, 299 So. 3d 505, 510 (Fla. 3d DCA 2020).

Accordingly, we reverse that portion of the order declining to enforce

the MSA for lack of jurisdiction and direct the trial court on remand to fully

consider Appellant's enforcement motion.[1]

AFFIRMED IN PART; REVERSED IN PART; REMANDED

WITH INSTRUCTIONS.

JAY and HARRIS, JJ., concur.

---

[1] We express no opinion on the merits of the motion or any possible defenses to it.